Wood, Judge.
The one hundred and twenty ninth section of the practice act, (Swan’s Stat. 684,) confers upon the court full power, on an appeal, to permit a change of the pleadings by either or both the-parties, in any ease, on payment of costs, or by imposing such equitable restrictions as may be conceived necessary to prevent delay. It is a sound discretion, with which the court is invested, and should be so exercised in laying down general rules, as to promote the administration of justice, and not with a view to meet any particular case.
The transcript shows the case at bar was tried to a jury in the Common Pleas, in February, one thousand eight hundred and forty two, and if the pleadings did not then present the proper points in, the defence, all concerned had full knowledge of such deficiencies.
The cause was pending in the Supreme court, at November term, one thousand eight hundred and forty-two, and no motion was then made- *132 to amend the pleadings, and it appears to us, from any thing shown in support of this motion, that it is, under the circumstances, entirely too late.
It is true, one of the defendants is of the opinion, the statute of limitations is a meritorious defence; but all the authorities, ancient and modern, and they are numerously cited by counsel, show, that, as a general rule, such defence is inequitable, and not to be favored, and that the court will lend its aid to effect a trial on the merits, when it will sit, at least passive, while a defendant asks its assistance, to close the door against such inquiry, and to avail himself of his own laches, in not paying the debt, by the bar imposed by the statute, unless he avails himself of such plea, within the rule day. We do not say no case can be presented where this leave to plead the statute, out of rules, should not be given; but the circumstances, to let in the defence, must be peculiar.
*The authorities show a concurrent course of decisions in the English and American courts, that, after the expiration of the rule day, or when the issue is closed, or a party is in default, the plea of the statute of limitations ought not to be permitted ; that it is a strict legal defence, and which a party may, and must, at his peril, see that he pleads in time, or its benefits to him are lost.
The plea of payment is unnecessary in assumpsit. The defendants can avail themselves of payment under the general issue, and no change of issue should be permitted, to let in such plea.
Motion overruled.